**THEIDA SALAZAR** SBN: 295547
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: salazarlawgroup@gmail.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT OF CALIFORNIA

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTHQUAKE ERE, an Individual and JACK TORO, an Individual<br><br>Plaintiffs,<br><br>v.<br><br>REGUS MANAGEMENT GROUP, LLC, a Foreign Corporation and Does 1 through 50, Inclusive,<br><br>Defendants. | **Case No.:**<br><br><br><br>**COMPLAINT**<br>JURY TRIAL REQUESTED |

Plaintiffs, EARTHQUAKE ERE AND JACK TORO, by and through the undersigned counsel, complains, alleges and avers as follows:

QT COMP| 1

## JURISDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and California state statutes prohibiting employment discrimination in order to secure protection and redress deprivation of rights under these laws.

2. Earthquake Ere ("Ere") and Jack Toro ("Toro") (collectively "Plaintiffs") statutory claims arise under including but not limited to Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended and codified as, 42 U.S.C. §2000e-2 *et seq.*

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1331.

4. This action, also, includes five claims arising out of California state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a). Plaintiffs assert that they was treated disparately, subjected to discriminatorily hostile work environment as well as retaliation due to their voicing workplace inequities which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII").

5. Jurisdiction in this case is also proper pursuant to California Civil Code §410.10 and §395(a) of the California Code of Civil Procedure.

6. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

7. As Plaintiff's employer, during the relevant time period, Defendant, REGUS MANAGEMENT GROUP (hereinafter referred to as "RMG") is a Federal California Agency operating within the County of Los Angeles, State of California and employing persons within the State of California.

8. Plaintiff, Earthquake Ere filed his Complaint of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a copy of his "Notice of Rights" dated September 16, 2020. In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of his receipt of the September 16, 2020 Right To Sue Notice. (attached as ***Exhibit 1*** – Right To Sue Notice)

9. Plaintiff, Jack Toro filed his Complaint of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a copy of his "Notice of Rights" dated December 15, 2020. In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of his receipt of the December 15, 2020 Right To Sue Notice. (attached as ***Exhibit 2*** – Right To Sue Notice)

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

10. Venue is proper in the District of California pursuant to 28 U.S.C. §1391(b) because the claimed unlawful employment practices were committed in and arose in the District of southern California.

## PARTIES

11. Plaintiff, Earthquake Ere ("Ere") is an Individual and at all times mentioned in this Complaint was as a resident of Mesquite County, Texas and at all times began his employment with Defendant.

12. Plaintiff, Jack Toro ("Toro") is an Individual and at all times mentioned in this Complaint was as a resident of Phoenix County, Arizona and at all times began his employment with Defendant.

13. Defendant, REGUS MANAGEMET GROUP ("RMG") is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. Department of Veteran Affairs is a Government Agency conducting business in Los Angeles County, California and the unlawful employment practices stated below were committed within the State of California.

14. As an employers and supervisors in California, Defendant RMG is required to comply with all state and federal statutes, which prohibit harassment, discrimination and retaliation based on an individual's race and gender.

15. DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants.  The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time.  Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees.  Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

16. At all times relevant hereto, Plaintiffs were employed by Defendant RMG who operates in Los Angeles County, California.

**FACTUAL ALLEGATIONS**

17. This case is a pervasive employment discrimination case whereby Defendant reprehensibly and repetitively violated several well established discrimination laws that was detrimental to both Plaintiffs, Ere and Toro which ultimately led to two wrongful terminations.

18. Ere is an African-American man.

19. Toro is a Latino man.

20. Both, Ere and Toro, were part of a few minorities employed with predominately non-minority employees, managerial and supervisory staff members.

21. Solely pertaining to this case, Ere was a seasoned employee for RMG. Ere was employed as a sales manager with RMG.

22. However, Toro was a new employee for RMG. Toro was employed as an Area Manager for RMG.

23. Nonetheless, both, Ere and Toro were a loyal and dedicated employees for and with RMG.

24. Plaintiff's state that they, both, were subjected to a hostile work environment based on race as evidenced by the following several events herein.

25. In the summer of 2019, Ere reported a co-worker for an altercation whereby said co-worker was verbally abusing Ere; per usual the complaint was completely ignored by RMG, then thereafter the complaint was dismissed and denied by Human Resources.

26. Most egregiously, Ere was subsequently moved to a different location presumably because the Caucasian co-worker that instigated the abusive statements felt uncomfortable; this is discrimination and retaliation.

27. Toro, also, brought suspect issues to the Area Vice President which was ignored by said supervisor.

28. The blatant refusal to accept, hear and provide redress for the reported action given by Ere and Toro demonstrate the hostile work environment.

29. Nonetheless, thereafter, Ere and Toro, were both encouraged to "win" deals for RMG.

30. Most notably, both, Ere and Toro were trained that "corporate reps would book local area manager tours, sales managers will then sell the client and get a deal, the corporate reps would be added on as an assist."

31. Thereafter, in April 2020, Ere and Toro became a team closing deals, "winning" deals as required and stated through RMG's trainings as well as directives.

32. Coincidentally, both, Ere and Toro observed other employees in their position as well as managerial and supervisor staff members engaging in teams to "win" deals.

33. Ere and Toro state that these teams were definitely not severely reprimanded or terminated for the same identical acts.

34. Ere and Toro team worked well for "winning" deals.

35. Suddenly, after months of winning RMG terminates the successful team that was a success for RMG.

36. On June 1, 2020, RMG terminated Ere and Toro.

37. RMG specifically stated the reason being that Ere and Toro allegedly violated Rules of Engagement which is merely a false shroud to cover the pervasive discrimination at RGM.

38. A short read and understanding of RMG's Rules of Management demonstrates that there is no such rule to prevent Ere and Toro's actions.

QT COMP| 5

39. Most importantly, both, Ere and Toro states that they, both, witnesses to other non-minority employees committing the same acts with a team and these teams were not terminated for said team actions.

40. In fact, Ere states that he has personally witness teamed employees being called into the office yet left without any consequences thereby demonstrating that the team s are acceptable or at the very least not worthy of termination for some; the non-minorities.

41. Further, Ere and Toro state that during their employment that they were treated disparately that their non-minority Caucasians co-workers.  Due to this disparate treatment Plaintiffs assert claims for racial discrimination and retaliation.

42. The facts that the Ere and Toro presented to the RMG remain unheard and failed to be addressed properly is evidence of the hypocritical confounding discriminatory acts of the RMG.

43. Again these aforementioned acts created a hostile work environment for Ere and Toro that lead to their wrongful termination.

44. For these reasons, Ere and Toro file this employment discrimination and retaliation case against the Defendants.

## FIRST CAUSE OF ACTION
### RACIAL DISCRIMINATION 42 U.S.C. §2000e-2 *et seq.*

45. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through forty-four (44) as though fully set forth hereafter.

46. The Civil Rights Act was a very significant piece of legislation when it was enacted in 1964 and continues to ***protect individuals against discrimination***. The Act has many anti-discrimination provisions including Title VIII of the Civil Rights Act of 1964 ( Equal Employment Opportunities) which ***prohibits employment discrimination based*** on ***race***, color, religion, sex, and national origin  (*bolded and italicized for emphasis*)

47. In this case RMG violated by intentionally purposefully allowing race discrimination within its premises.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

48. Defendant is the owners, directors, supervisors, and employees at RMG, where Ere and Toro was employed for several years.

49. That Ere is an African American male.

50. That Toro is a Latino male.

51. Ere endured statements being made about him including racially inappropriate comments.

52. To add insult to injury, both, Ere and Toro made complaints to RMG supervisors and Human Resources which were ignored or denied. This is discrimination at its core.

53. Ere and Toro's state that their complaints regarding issues at RMG were ignored, denied or dismissed was disparate treatment due to their minority race and while knowing the same RMG failed to provide and substantive redress for the same.

54. RMG's omission and failure to provide redress for Ere and Toro's implied racial discrimination.

55. Furthermore, it was well known that Ere and Toro were minorities but were a successful team, earning money together and for RMG. However, RMG and its managerial and supervisor staff failed to be amenable to Ere and Toro's success because of their race. This is the typical "you don't belong in our club" actions.

56. Here, Ere and Toro endured perfuse racial discrimination because of RMG's binding and engagement with race discrimination.

57. RMG engaged and instigated the racial discrimination against Ere and Toro.

58. Yet, Defendant RMG were well aware of the racist situation and failed to rectify the racial discriminating situation.

59. Thus, RMG acts and omissions were the substantial factor of the race discrimination harm that Ere and Toro endured in this matter.

60. In this case, Ere and Toro was harmed emotionally as well as monetarily.

61. Ere and Toro experience and endure actual damages in an amount subject to proof at trial.

62. Defendant's actions are intentional and done with willful disregard for the well-established and well-known legal rights of Ere and Toro.

63. Plaintiffs have had to engage the services of attorneys to represent them in this matter and is entitled to an award of reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### RETALIATION PURSUANT TO 42 U.S.C. § 4000E-3

64. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through sixty-three (63) above as though fully set forth hereafter.

65. Federal Law 42 U.S.C. §2000e-3 specifically **prohibits** an employer from ***taking retaliatory action against an employee*** for attempting to invoke his rights under the Federal Discrimination Laws. (bolded and italicized for emphasis)

66. Here, it is abundantly clear that Ere and Toro filed complaints and comments on unscrupulous conduct as well as grievances regarding the discrimination, violations and wrongful conduct of the RMG and its employee, managerial and supervisor staff.

67. The fact that once RMG supervisors and managerial staff became aware of the Ere and Toro were a successful team the retaliatory actions increased, including the wrongful termination.

68. Again, RMG was Ere and Toro's employer and supervisor thus Defendants controlled Ere and Toro's employment environment.

69. It is clear that, both, Defendants, RMG were fully aware that Ere and Toro disclosed and complained about improper conduct in the workplace.

70. That RMG engaged in retaliation because Ere and Toro made prior reports of disreputable and unscrupulous acts of other employees.

71. Furthermore, the wrongful termination was definitely retaliatory because Ere and Toro had a successful team at RMG.

72. It is clear and evidenced that Ere and Toro's disclosures, complaints, reports and grievances were the contributing factor that led to RMG's despicable and unauthorized retaliatory conduct against Ere and Toro.

73. RMG, its employees, managerial and supervisory staff retaliated against Ere and Toro which is a direct violation of 42 U.S.C. §2000e-3.

74. Here, it is clear that RMG actions and failure to rectify the actions occurring caused Ere and Toro harm financially and mentally.

75. Thus, Defendant RMG's retaliatory conduct is the substantial factor of causing harm to Ere and Toro in this matter.

76. Ere and Toro experience and endure actual damages in an amount subject to proof at trial.

### THIRD CAUSE OF ACTION
**WHISTLEBLOWER RETALIATION CAL. LABOR CODE §1102.5(B**

77. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through seventy-six (76) above as though fully set forth hereafter.

78. California Labor Code §1102.5(b) states as follows,

> "*[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information*, or because the *employer* believes that the employee disclosed or *may disclose information, to…a person with authority over the employee or another employee who has the authority* to investigate, discover, or *correct the violation or noncompliance…a violation of or noncompliance* with a local, state, or federal rule or *regulation*, regardless of whether disclosing the information is part of the employee's job duties." (*bolded and italicized for emphasis*)

79. Ere and Toro meets the requirements to prove that the RMG retaliated against Ere and Toro when they filed complaints regarding disparate treatment and suspicious untrustworthy actions at RMG.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

80. RMG were Ere and Toro's employer and supervisor, both, Defendants controlled Ere and Toro's employment.

81. That Ere reported a verbally abusive co-worker that was ignored by RMG management then to add insult to injury after obtaining the complaint Human Resources dismissed and denied Ere's complaint. Most egregiously, Ere was subsequently moved to a different location.

82. That Toro complained to the Area Vice President about immoral, unethical and seemingly shady acts occurring at RGM which were completely ignored by said supervisor.

83. That RMG and Eli in retaliation, ignored Ere and Toro and their complaints of the hostile work environment, disparate treatment, deceitful and devious acts that Ere and Toro endured while employed by the RMG.

84. It is clear and evidenced that Ere and Toro's disclosures, complaints, reports and grievances were the contributing factor that lead to the despicable and unauthorized retaliatory conduct against Ere and Toro.

85. The final stab of retaliation occurred when RMG unjustifiably stated to Ere and Toro violated invisible, unstated, unknown, unwritten and nonexistent policy that fails to be stated in the alleged Rule of Engagement.

86. Obviously a statement on this nature fails to prove that the termination of Ere and Toro is justifiable especially given that the letter fails to reference a specific rule that Ere and Toro violated during their employment with RMG.

87. The lack of a substantial reason coupled with the lack of disparate treatment provides evidence that RMG's acts and wrongful termination was based in retaliation.

88. These actions are purely abhorrent, disheartening and disrespectful.

89. Here, it is clear that RMG actions and failures to rectify the disturbing actions occurring caused Ere and Toro harm financially and mentally.

90. Thus, Defendant's RMG retaliatory conduct is the substantial factor of causing harm to Ere and Toro in this matter.

91. Ere and Toro experience and endure actual damages in an amount subject to proof at trial.

## FOURTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION §12940(K)

92. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through ninety-one (91) above as though fully set forth hereafter.

93. Government Code §12940(k) ("Gov. Code§12940(k)") states, "it is unlawful for…[an entity to] (k) …***fail to take all reasonable steps necessary to prevent discrimination from occurring***.." (*bolded and italicized for emphasis*)

94. In this case, Defendants, RMG violated Gov. Code §12940(k) by failing to ensure while failing provide proper responses, policies and procedures to prevent employment discrimination.

95. That Ere was a matured African-American male employee at RMG.

96. That Toro was an aspiring Latino male employee at RMG.

97. That Defendant RMG was the employer of Ere and Toro during the time period of the facts and incidents mentioned in this Complaint.

98. It is clear that based upon the above-referenced facts, that RMG subjected and allowed the subjugating discrimination of Ere and Toro.

99. Thus, RMG adversely allowed a definite hostile work environment caused by race discrimination and retaliation.

100. It was well known that RMG's employees were discriminating, retaliating and subjecting Ere and Toro to a hostile work environment which caused harm to Ere and Toro.

101. Despite the awareness of the complaints and grievances for the race discrimination and retaliation, Defendant RMG failed to remedy and corrects said discriminatory acts leveled against Ere and Toro.

102. Most horrendously, because of the failure to prevent the discrimination and retaliation, RMG wrongfully terminated Ere and Toro.

103. Defendant RMG failed to take any reasonable steps to protect Ere and Toro to prevent the race discrimination and retaliation.

104. Thus, Defendant RMG initial blatant omissions were the substantial factor of the discriminatory ad retaliatory harm that Ere and Toro endured in this matter.

105. In this case, Ere and Toro was harmed emotionally as well as monetarily.

106. Most importantly, RMG failures to take any and all reasonable steps to prevent the discrimination were a substantial factor in causing confusion, anguish and unruly unprofessional behavior which created a hostile work environment.

107. Ere and Toro experience and endure actual damages in an amount subject to proof at trial.

108. Defendant RMG omissions and failures were intentional and done with willful disregard for the well-established and well-known legal rights of Ere and Toro.

109. Plaintiffs have had to engage the services of attorneys to represent them in this matter and is entitled to an award of reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
### FAILURE TO PREVENT RETALIATION §12940(K)

110. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and nine (109) above as though fully set forth hereafter.

111. Government Code §12940(k) ("Gov. Code§12940(k)") states, "it is unlawful for…[an entity to] (k) …***fail to take all reasonable steps necessary to prevent retaliation from occurring***.." (*bolded and italicized for emphasis*)

112. In this case, Defendant RMG violated Gov. Code §12940(k) by failing to ensure while failing to enforcing policies to prevent retaliation.

113. That Ere and Toro made complaints regarding the hostile workplace environment as well as unprofessional occurrences within the work place.

114. It is clear that based upon the above-referenced fact, that RMG subjected and allowed the retaliatory conduct towards Ere and Toro which included ignoring his complaints as well as wrongful termination.

115. Thus, RMG adversely allowed retaliation in work environment caused by revenge for the reports and complaints coupled with the success of the duo minority team.

116. It was well known that RMG's employees were retaliating against Ere and Toro.

117. Despite the awareness of the complaints and grievances for the retaliation and the reports unscrupulous immoral acts of the employees and managers, RMG failed to remedy and correct said retaliatory acts leveled against Ere and Toro.

118. It is obvious that RMG's failure to prevent the retaliation, made Ere and Toro extremely uncomfortable in the work environment.

119. RMG failed to take any reasonable steps to protect Ere and Toro to prevent the retaliation.

120. Thus, Defendant RMG's initial blatant omissions and actions were the substantial factor of the retaliatory harm that Ere and Toro endured during their employment.

121. In this case, Ere and Toro was harmed significantly especially with the wrongful termination.

122. Most importantly, RMG failure to take any and all reasonable steps to prevent the retaliation were a substantial factor in causing confusion, anguish and continuation of unruly retaliatory acts which created a hostile work environment.

123. Ere and Toro experiences and endures actual damages in an amount subject to proof at trial.

124. Defendant RMG omissions and failures were intentional and done with willful disregard for the well-established and well-known legal rights of Ere and Toro.

125. Plaintiffs have had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
### VICARIOUS LIABILITY CALIFORNIA GOVERNMENT CODE §815.2(A)

126. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and twenty-five (125) above as though fully set forth hereafter.

127. California Government Code §815.2(a) ("Gov. Code §815.2(a)") states "(a) [a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative" (*bolded and italicized for emphasis*)

128. Government Code §815.2 essentially supports that public entities are vicariously liable for their employees' common law negligence.

129. In this case, RMG violated Gov. Code §815.2(a) by their employees, managers discriminatory and retaliatory acts.

130. That RMG knew for months that discriminatory and retaliatory actions were wrong as well as against the well set employment laws of California.

131. Defendants RMG employ both, Ere and Toro.

132. Ere and Toro while employed by RMG endured discrimination and retaliation for months.

133. Ere and Toro states that discrimination and retaliation cause harm to their mental and physical health.

134. However, Ere and Toro also states and alleges that RMG is responsible for the harm and damages because RMG and its board members have control over their employees that unleashed discriminatory and retaliatory acts against Ere and Toro.

135. Most notably, the discriminatory and retaliatory statements and acts occurred by employees while said discriminating employees were acting and working within the scope of their employment with Defendant RMG while employees, managers and supervisors, including were outwardly rendered harm to Ere and Toro with disparate treatment.

136. Further, RMG intentional and blatant conduct of ignoring as well as failure to provide redress for the oppressive acts of their employees evidences the culpability of RMG.

137. Thus, Defendant RMG vicariously harmed Ere and Toro.

138. As a proximate result of Defendant RMG's vicarious liability conduct, Plaintiffs have incurred economic damages in an amount according to proof.

139. As a result of RMG's vicarious liability, Ere and Toro have incurred and suffered damages in an amount in excess of $50,000.00.

## SEVENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

140. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and thirty-nine (139) above as though fully set forth hereafter.

141. Ere and Toro claims that the RGM and its employees, managers and supervisors negligent acts and conduct caused Ere and Toro to suffer serious emotional distress; the physical pain was excruciating but the mental stress exacerbated Ere and Toro's mental anguish.

142. RGM's conduct was outrageous and reckless.

143. RGM's compulsive and constant discrimination and retaliation caused harm to Ere and Toro.

144. RGM acted with reckless disregard and outright unconsciousness regarding the fact that Ere and Toro would suffer severe mental injuries thus simultaneously causing Ere and Toro to endure emotional distress.

145. RGM senseless discrimination and despicable retaliation demonstrates the infliction of emotional distress.

146. That RGM's act to blatantly unjustifiable termination Ere and Toro caused mental damage.

147. That Ere and Toro incurred severe mental damages from RGM acts and omissions in this matter.

148. RGM acted maliciously and oppressively, in negligent disregard of Ere and Toro's civil rights thus negligently causing emotional harm to Ere and Toro.

149. In this instance, RGM's reckless disregard caused Ere and Toro's serious emotional distress.

150. RGM's negligent conduct, Ere and Toro experiences mental anguish from the harassment.

151. Defendants' negligently caused emotional distress which resulted in Ere and Toro incurring, and will continue to incur expenses.

152. As a direct and proximate result of Defendants' conduct, Ere and Toro suffered general damages in an amount to be determined by proof at trial.

153. As a result of Defendants' negligent infliction of emotional distress, Plaintiff has been damaged and has suffered damages in an amount in excess of $50,000.00.

…

…

…

…

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

…

**WHEREFORE**, Plaintiffs, EARTHQUAKE ERE and JACK TORO, pray for judgment against Defendant, as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For prejudgment interest;
4. For punitive damages;
5. For post judgment interest;
6. For costs of suits incurred herein; and
7. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED this day 14th December, 2020.

/s/ Theida Salazar

**THEIDA SALAZAR SBN: 295547**
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: *salazarlawgroup@gmail.com*

*Attorney for Plaintiffs*