IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARTHQUAKE ERE, an Individual and JACK TORO, an Individual | § § § § § § § § § § § | |
| Plaintiffs, | | |
| | | Civil Action No. 3:21-cv-00391-X |
| v. | | |
| REGUS MANAGEMENT GROUP, LLC, | | |
| Defendant. | | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### I.

### INTRODUCTION

Earthquake Ere and Jack Toro ("Plaintiffs") file this First Amended Complaint against Regus Management Group, LLC ("Defendant") pursuant to this Court's Order (Dkt. 23).

### II.

### PARTIES

1. Plaintiff, Earthquake Ere ("Ere") is an Individual and at all times mentioned in this Complaint was a resident of Mesquite County, Texas, employed by Defendant.

2. Plaintiff, Jack Toro ("Toro") is an Individual and at all times mentioned in this Complaint was a resident of Phoenix County, Arizona, employed by Defendant.

3. Defendant, Regus Management Group, LLC ("RMG") is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. RMG is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 15305 Dallas Parkway, Suite 400, Addison, Texas 75001. RMG has already made an appearance in this lawsuit.

4. At all times relevant hereto, Plaintiffs were employed by RMG, who operates in in many cities and counties in the United States of America.

5. As an employer in Texas, RMG is required to comply with all state and federal statutes, which prohibit harassment, discrimination and retaliation based on an individual's race.

### III.

### JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert a claim arising under federal law.

### IV.

### VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Dallas County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

8. Dallas County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1)/124(c)(3).

### V.

### BACKGROUND FACTS

9. This case is a pervasive employment discrimination case whereby Defendant reprehensibly and repetitively violated several well established discrimination laws that was detrimental to both Plaintiffs, which ultimately led to two wrongful terminations.

10. Ere (African American) and Toro (Syrian of Arab descent), were part of a few minorities employed with predominately non-minority employees, managerial and supervisory staff members.

11. Plaintiffs were subjected to a hostile work environment based on race as evidenced by the following several events herein.

12. Ere was a seasoned employee for RMG and was employed as a sales manager with RMG.

13. Toro was a newer employee for RMG and was employed as an Area Manager for RMG.

14. In the summer of 2019, Ere reported a co-worker (Caucasian) for an altercation whereby said co-worker was verbally abusing Ere. Ere's complaint was completely ignored by RMG and later dismissed and denied by Human Resources.

15. Instead of taking disciplinary action against the wrongdoer, RMG discriminated and retaliated against Ere by moving him to a different location.

16. Toro also raised concerns of harassment and discrimination to the Area Vice President; however, the supervisor ignored Toro's complaints and took no action to stop the conduct.

17. Defendant's blatant refusal to accept, hear, and provide redress for discrimination and harassment Ere and Toro complained of created a hostile work environment for Plaintiffs. Despite the environment they endured, Plaintiffs worked diligently to "win" deals for RMG.

18. Plaintiffs were trained that corporate representatives were to book local area manager tours, sales managers were then to sell the client and get a deal, and the corporate representatives would be added on as an assist.

19. In April 2020, Ere and Toro became a team closing deals, "winning" deals as required and stated through RMG's trainings as well as directives. Ere and Toro's team effort worked well for "winning" deals and resulted in great profits for RMG.

20. On June 1, 2020, RMG terminated Ere and Toro, claiming that they violated Rules of Engagement by working as a team. The reason for Plaintiffs' termination is clearly pretextual because Ere and Toro witnessed other non-minority employees committing the same acts with a team and these teams were not terminated for said team actions. In fact, Ere personally witnessed teamed employees being called into the office to discuss team arrangements but leaving without any consequences, thereby demonstrating that working as a team was an acceptable practice for non-minority employees.

21. Not only did RMG not terminate other non-minority employees for engaging in the same act as Plaintiffs, RMG's Rules of Management demonstrate that there is no such rule to prevent Ere and Toro's actions.

22. Plaintiffs were treated disparately than their non-minority Caucasians co-workers, both during their employment and in the wrongful termination.

## VI.

## CONDITIONS PRECEDENT

23. Ere filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission.

24. Ere's Charge of Discrimination was filed within the 180 days after Plaintiff was terminated.

25. Ere was issued a Notice of Right to Sue on September 16, 2020 (attached as Exhibit A).

26. Ere has timely exhausted all of his administrative remedies.

27. Toro filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission.

28. Toro's Charge of Discrimination was filed within the 180 days after Plaintiff was terminated in this case.

29. Toro was issued a Notice of Right to Sue on December 15, 2020 (attached as Exhibit B )

30. Toro has timely exhausted all of his administrative remedies.

## VII.

## CAUSES OF ACTION

**A.    Cause of Action—Discrimination—Title VII**

31. Plaintiffs incorporate each of the foregoing paragraphs.

32. Defendant discriminated against Ere because of his race (African American)

33. Defendant discriminated against Toro because of his race (Syrian/Arab descent).

34. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**B.    Cause of Action—Wrongful Termination—Discrimination—Title VII**

35. Plaintiffs incorporate each of the foregoing paragraphs.

36. Defendant terminated Ere's employment because of his race (African American).

37. Defendant terminated Toro's employment because of his race (Syrian/Arab descent).

38. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**C.    Cause of Action—Unlawful Retaliation—Title VII**

39. Plaintiffs incorporate each of the foregoing paragraphs.

40. Ere and Toro engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a).

41. In response, Defendant retaliated against Ere and Toro and ultimately terminated their employment.

42. Defendant's actions violated 42 U.S.C. § 2000e-3(a).

**D.     Cause of Action—Discrimination—TCHRA**

43. Plaintiffs incorporate each of the foregoing paragraphs.

44. Defendant discriminated against Ere because of his race (African American)

45. Defendant discriminated against Toro because of his race (Syrian/Arab descent).

46. Defendant's actions violated section 21.051 of the Texas Labor Code.

**E.     Cause of Action—Wrongful Termination—Discrimination—TCHRA**

47. Plaintiffs incorporate each of the foregoing paragraphs.

48. Defendant terminated Ere's employment because of his race (African American).

49. Defendant terminated Toro's employment because of his race (Syrian/Arab descent).

50. Defendant's actions violated section 21.051 of the Texas Labor Code.

**F.     Cause of Action—Unlawful Retaliation—TCHRA**

51. Plaintiffs incorporate each of the foregoing paragraphs.

52. Ere and Toro engaged in protected activity as set forth in Texas Labor Code section 21.055.

53. In response, Defendant retaliated against Ere and Toro and ultimately terminated their employment.

54. Defendant's actions violated section 21.055 of the Texas Labor Code.

## VIII.

## DAMAGES

55. Plaintiffs incorporate each of the foregoing paragraphs.

56. Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiffs to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

57. Plaintiffs are also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

58. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiffs' federally-protected rights, Plaintiffs are entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

59. Plaintiffs seek all damages available to them under federal law.

60. Defendant's actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiffs to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

61. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiffs' state-protected rights, Plaintiffs are entitled to recover from Defendant punitive damages.

62. Plaintiffs seek all damages available to them under the TCHRA.

## IX.

## ATTORNEYS' FEES AND COSTS

63. Plaintiffs incorporate each of the foregoing paragraphs.

64. Plaintiffs retained the services of undersigned counsel to prosecute their claims.

65. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiffs are entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

66. Pursuant to Texas Labor Code section 21.259, Plaintiffs are entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.

## INJUNCTIVE AND DECLARATORY RELIEF

67. Plaintiffs incorporate each of the foregoing paragraphs.

68. Plaintiffs request the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reinstating Plaintiffs' employment with Defendant with backpay;

    c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d. Paying court costs;

    e. A declaration that Defendant violated Plaintiffs' rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiffs' employment; and

    f. Any additional equitable relief the Court deems proper.

## XI.

## RESPONDEAT SUPERIOR

69. Plaintiffs incorporate each of the foregoing paragraphs.

70. Defendant is liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XII.

## JURY DEMAND

71. Plaintiffs demands a trial by jury.

## XIII.

## CONCLUSION AND PRAYER

72. Plaintiffs respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiffs:

    A. Back pay and front pay (including benefits);

    B. Compensatory damages;

C. Punitive damages;

D. Injunctive and declaratory relief, including but not limited to, an Order:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reinstating Plaintiffs' employment with Defendant with backpay;

    c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d. Paying court costs;

    e. A declaration that Defendant violated Plaintiffs' rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiffs' employment; and

    f. Any additional equitable relief the Court deems proper;

E. Court costs;

F. Pre-judgment and post-judgment interest at the rate set by law; and

G. All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Brittney L. Thompson
JAMIE J. GILMORE
Texas Bar No. 24045262
jgilmore@galyen.com
BRITTNEY THOMPSON
Texas Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010

THEIDA SALAZAR
California Bar No. 295547
LAW OFFICES OF THEIDA SALAZAR
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: salazarlawgroup@gmail.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served on all counsel of record via CM/ECF on April 8, 2021.


/s/ *Brittney L. Thompson*
BRITTNEY L. THOMPSON