IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARTHQUAKE ERE, an Individual and JACK TORO, an Individual | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:21-cv-00391-X |
| v. | § § | |
| REGUS MANAGEMENT GROUP, LLC, | § § § | |
| Defendant. | § | |

### MOTION FOR EXTENSION OF TIME TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to the Court's April 14, 2021 Order [Doc. No. 28], Plaintiffs Earthquake Ere and Jack Toro ("Plaintiffs") file this Motion for Extension of Time to File Plaintiffs' First Amended Complaint and respond to the order to show cause as follows:

### I.

### INTRODUCTION

This case was transferred to this court from the United States District Court, Central District of California pursuant to a Joint Stipulation dated February 19, 2021. [Doc. No. 14].

On March 4, 2021, the Court ordered Plaintiffs to replead within 14 days of the order and for both parties to find local counsel within thirty days of the order [Doc. No. 23].

Plaintiffs' California counsel, Theida Salazar, began his search for Texas counsel to serve as local counsel and assist in his representation of Plaintiffs on March 2, 2021. Mr. Salazar contacted multiple Texas law firms, including but not limited to: McCathern, Shokouhi, Evans, Grinke, PLLC; Kilgore Law; Rogge Dunn Law Group; Stacy Cole Law, PC, Hersh Law Firm, PC; MacLeod Law Firm, PLLC; Thorpe & Hatcher; Law Office of John Wall, Jr.; and O'Brien Law Firm. On March 3, 2021, Mr. Salazar spoke with Arnold McCathern of McCathern,

Shokouhi, Evans, Grinke, PLLC. On March 9, 2021, Mr. Salazar followed up with Mr. McCathern, as he had not heard anything back regarding their discussion or his March 4, 2021 email. Mr. McCathern initially believed he would be able to assist in representation and on March 9, 2021 stated that he and his partners were evaluating to see if they could accept this matter on contingency. On March 25, 2021 Mr. Salazar followed up with Mr. McCathern via email and was informed by him on March 26, 2021 that they could not accept the case. Mr. Salazar remained diligent in his attempt to find counsel and reached out to the Lento Law Group in New York as they have extensive contact and relations with federal court counsel based upon their nationwide practice. Mr. Salazar contacted John Groff of the Lento Law Group and requested their assistance with Texas counsel and he also joined in the search. Mr. Salazar had multiple discussions with Brendan O'Kelly and Bess Masterson Mattei at Kilgore Law. Mr. Salazar also had multiple discussions with Mr. Dunne at the Rogge Dunn Law Group. He also had communications with Stacy Cole Law, PC and enlisted the assistance of David Smallman, Esq. who is licensed in New York State but has interacted with both firms Rogge Dunn Law Group and Stacy Cole, PC as Mr. Smallman has personal relationships with Mr. Cole and Mr. Dunne.

On April 6, 2021, Mr. Salazar and Plaintiffs reached an agreement for Jamie Gilmore and Brittney Thompson of Bailey & Galyen ("local counsel") to assist in this case. Local counsel immediately reviewed the docket sheet and pleadings in the case and provided the Texas specific information Mr. Salazar needed to draft Plaintiffs' First Amended Complaint. Mr. Salazar drafted the First Amended Complaint on April 7, 2021 and sent it to local counsel to finalize and file. Local counsel made the necessary changes to comply with Texas standards and filed

Plaintiffs' First Amended Complaint on April 8, 2021, two days after being retained on the matter.

## II.

## ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 15(a)(2) states a party may amend its pleadings with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The Rule also states: "The court should freely give leave when justice so requires." *Id.* A district court may deny amendment only in a limited number of situations, none of which apply here. *See, e.g., Jones v. Robinson Property Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (listing factors that may justify denial of the proposed amendment). In the absence of undue prejudice to the opposing party, leave should be freely granted to permit amendment of pleadings. *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1464 (5th Cir. 1995). The proposed amendment will in no way prejudice the Defendant in this case.

Plaintiffs' failure to file the Amended Complaint on or before March 18, 2021 was not due to lack of good faith or undue delay. The undersigned counsel is licensed in Texas but was not retained on this case until April 6, 2021, after the deadline to file the Amended Complaint. Mr. Salazar is not licensed to practice in Texas and believed that filing the Amended Complaint in this matter before having an association with local counsel would be akin to practicing law out of jurisdiction or in an area he is not licensed. Nevertheless, Mr. Salazar made numerous attempts to secure counsel and did so extensively and as such, the Plaintiffs should not be prejudiced.

## III.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Honorable Court find that good cause existed for Plaintiffs' failure to timely replead, GRANT this Motion for Extension of Time for Plaintiffs to replead and enter an Order allowing Plaintiff the opportunity to re-file the stricken First Amended Complaint.

                                    Respectfully submitted,

                                    */s/ Brittney L. Thompson*
                                    Jamie J. Gilmore
                                    Texas Bar No. 24045262
                                    jgilmore@galyen.com
                                    Brittney L. Thompson
                                    Texas Bar No. 24104618
                                    bthompson@galyen.com
                                    **BAILEY & GALYEN**
                                    1300 Summit Avenue, Suite 650
                                    Fort Worth, Texas 76102
                                    Telephone: 817-276-6000
                                    Facsimile: 817-276-6010

                                    Theida Salazar
                                    California Bar No. 295547
                                    **LAW OFFICES OF THEIDA SALAZAR**
                                    2140 North Hollywood Way #7192
                                    Burbank, California 91510
                                    P: (818) 433-7290
                                    F: (818) 436-4009
                                    E: salazarlawgroup@gmail.com
                                    **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF CONFERENCE**

On April 20, 2021, the undersigned counsel conferred with counsel for Defendant (Michael Willats) regarding the relief sought in this Motion. Counsel for Defendant informed me that there is no objection to the proposed amended complaint.

/s/ *Theida Salazar*
THEIDA SALAZAR

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document was served on all counsel of record via CM/ECF on April 21, 2021.

/s/ *Brittney L. Thompson*
BRITTNEY L. THOMPSON